**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

JUSTIN ORDEN

                        Plaintiff(s),

- vs -

CORNELL UNIVERSITY, BRANDON FRISBIE, Individually and as an Employee of Cornell University, JOHN DOE I, Individually, and as an Employee of Cornell University, and "JOHN DOES" and "JANE DOES", presently unnamed and unknown individual,

                        Defendant(s).

**SUMMONS WITH NOTICE**

Index No.: 57822/2016

Date Index No. Purchased
06/02/2016

To the Person(s) Named as Defendant(s) Above:
CORNELL UNIVERSITY, 300 CCC Building Garden Avenue Ithaca, NY 14853, BRANDON FRISBIE, Individually and as an Employee of Cornell University, 54 Hancock Dr Horseheads, NY 14845-9331 JOHN DOE I, Individually, and as an Employee of Cornell University, and "JOHN DOES" and "JANE DOES", presently unnamed and unknown individual,

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The Basis of venue is Residence of plaintiff which is 446 Ardsley Road, Scarsdale, NY 10583
Dated: Westchester New York
       June 2, 2016

                                              By _____
                                                   Stewart Orden
                                                   Justin Orden by Stewart Orden
                                                   Attorney for plaintiff
                                                   2 Westchester Park Drive Suite 418
                                                   White Plains, NY 10604
                                                   (914) 393-9450

SUPREME COURT STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------
Justin Orden,
    Plaintiff,                         Verified Complaint
-against-
CORNELL UNIVERSITY, BRANDON
FRISBIE, Individually and as an Employee
of Cornell University, JOHN DOE I,
Individually, and as an Employee of Cornell
University, and "JOHN DOES" and "JANE
DOES"; presently unnamed and unknown individual,
    Defendants.
-------------------------------------------------

# INTRODUCTION

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States and common law tort.

2. Plaintiff hereby asserts the following claims against the Defendants in the above-entitled action:

3. violation of 42 U.S.C. 1983: arrest, detention and confinement, malicious prosecution, malicious abuse of process,

4. malicious prosecution and abuse of process,

5. intentional infliction of emotional distress,

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter.

## AS AND FOR A FIRST CAUSE OF ACTION
### [Malicious Prosecution]

7. Plaintiff Justin Orden [" Orden"] is a natural person residing at 446 Ardsley Road, Scarsdale, Westchester County, New York, United States of America; and was a resident of New York at all times relevant to this complaint.

8. Defendant Brandon ["Frisbie"], who is a natural person, and was a peace officer employed by Cornell University, who graduated from the Southern Tier Law Enforcement Academy's (STLEA) Basic Course for Police on October 18, 2013 and received his law enforcement credentials from the New York State Division of Criminal Justice on that date, and at all times relevant to this Complaint was acting under the supervision of said department and according to their official duties.

9. Cornell's police officers, are "special deputy sheriffs" under section 5709(1) of the New York Education Law; and as such, within university premises have the powers of a peace officer as set forth in section 2.20 of the New York Criminal Procedure Law.

10. Defendant Cornell University is a corporation organized under the laws of the State of New York at all times relevant to this complaint. That at all times relevant the Defendant, CORNELL UNIVERSITY, was and is a private university, chartered in 1865 by action of the New York State Legislature, which conducted and managed, and still conducts and manages a University in the City of Ithaca, Tompkins County and State of New York and also resides in the Southern District of New York.

11. Defendant John Does and Jane Does and others not presently known to the Plaintiff were, at all times material to this Complaint, duly appointed peace officers of unknown rank and supervisors of "Frisbie" and were acting under the supervision of said department and according to their official duties.

12. Plaintiff sues Brandon Frisbie and John Does in their individual and official capacities as peace officers and employees of Cornell university.

13. At all times material to this Complaint, Defendants Brandon Frisbie and John Does were acting as individuals and in official capacities acted toward Plaintiff under color of state law and/or in compliance with the official rules, regulations, laws,

statutes, customs, usages and/or practices of the State of New York, and the Cornell University Police Department.

14. On November 2, 2013 at approximately 2:15 AM, Plaintiff's car had been parked on College Avenue in an area known as Collegetown in Ithaca, New York.

15. On November 2, 2013, Plaintiff was an undergraduate student at Cornell University.

16. On November 2, 2013, Ashley Nicola was an undergraduate student at Ithaca College.

17. On November 2, 2013 on or about and between 2:00 AM and 2:15 AM Plaintiff and Ashley Nicola, entered Plaintiff's automobile for the purposes of moving it.

18. Plaintiff had been drinking a significant amount of alcohol prior to entering the vehicle.

19. Ashley Nicola drove the car on north College Avenue towards Cornell University, while Plaintiff sat in the passenger's seat.

20. As the car approached the intersection in Collegetown of Dryden Road and College Avenue, the car stopped at a red light.

21. The car was observed stopped at the red light by Defendant Frisbie, of the Cornell University Police Department, who working alone in a patrol car, believed that the car was being operated without headlights.

22. The car parked alongside College Avenue.

23. As the Plaintiff's car continued up College Avenue, the police car made a U-turn to pull the Plaintiff's car over while flashing its roof lights.

24. Ashley Nicola pulled the car alongside the sidewalk on College Avenue, and Plaintiff exited the car from the passenger side door.

25. Plaintiff was ordered back inside the car, but could not reenter as Nicola had switched to the passenger seat.

26. Plaintiff was given field sobriety tests.

27. Frisbie arrested Plaintiff for driving while intoxicated by Defendant Frisbie.

28. On information and belief, a fellow officer, John Doe 1, in another vehicle observed the events.

29. On November 2, 2013 Defendant, Frisbie, intentionally and wrongfully accused Plaintiff of the crime of driving while intoxicated, a violation of NYS VTL § 1192.

30. Plaintiff was held in custody until his release later on November 2, 2103.

31. Plaintiff refused to undergo a breathalyzer test.

32. Plaintiff was prosecuted by the New York State Department of Motor Vehicles for refusing to undergo a breathalyzer test, for which a loss of license is mandatory with strict liability.

33. Plaintiff was subsequently prosecuted by the District Attorney for Tompkins County New York and required to attend court proceedings including suppression hearings, on multiple dates from November 2, 2013 until the dismissal.

34. Defendant John Doe 1 and Defendant Frisbie filed false and fraudulent police reports including a fabricated supporting deposition of Ashley Nicola, falsely accusing Plaintiff of being the driver. John Doe 1 and Frisbie both supervised and executed the false supporting deposition.

35. Defendant Frisbie testified falsely under oath at a hearing to suppress evidence that he observed Plaintiff driving the car prior to the arrest.

36. Ashley Nicola has repeatedly admitted to driving the vehicle (EX 1-4)

37. On June 3, 2015 the criminal case against Plaintiff was dismissed in its entirety.

38. On December 9, 2015, the NYS Department of Motor vehicles dismissed its case against the Plaintiff.

39. The Plaintiff suffered mental and emotional pain and anguish as a result of the wrongful actions of the Defendants, and loss of future earnings.

40. The Plaintiff had to pay and remains liable for substantial attorney's fees and related legal expenses.

41. Defendant Frisbie filed a complaint to the District Attorney of Tompkins County, New York with the conscious objective of causing Plaintiff's prosecution for driving while intoxicated through the intentional use of false, misleading and unreliable testimony and evidence, through deliberate indifference to whether the evidence and testimony was false, misleading or unreliable, and/or through careless, reckless, grossly negligent or negligent investigative conduct.

42. NYS VTL § 1192 is a serious crime.

43. Defendants, as a result of the aforementioned investigative conduct and the complaint against Plaintiff to the District Attorney of Tompkins County, New York based upon false, misleading and unreliable evidence, were the substantial cause of Plaintiff's criminal prosecution, pretrial detention, and resultant damages.

44. But for the false, misleading and unreliable evidence and testimony provided to the District Attorney of Tompkins County, New York by Defendants, the false and/or misleading suppression hearing testimony by Defendant Frisbie, and the other acts of misconduct by Defendants set forth above, Plaintiff would not have been indicted, prosecuted or detained and would not have suffered his losses and damages.

45. By virtue of the foregoing, Defendants initiated or caused the initiation and/or continuation of criminal proceedings and department of motor vehicle proceedings against Plaintiff.

46. The criminal proceedings instituted and continued against Plaintiff were wholly without legal or probable cause, were instituted and continued with malice, and were terminated in favor of Plaintiff.

47. Defendants Frisbie and John Doe I are liable for malicious prosecution.

48. Defendant Cornell University is liable under the principle of respondeat superior.

49. Plaintiff suffered special damages in legal expenses in excess of 16207.23 plus unpaid legal bills.

## AS AND FOR A SECOND CAUSE OF ACTION

### [Abuse of Process]

50. Plaintiff repeats and realleges each and every allegation contained in ¶ 1-49 and hereby incorporates them as though fully set forth herein.

51. Defendants issued legal process to detain the Plaintiff and subject him to excessive force, false arrest, malicious prosecution.

52. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

54. As a result of the foregoing, both Plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

55. Defendants Frisbie and John Doe I are liable for abuse of process.

56. Defendant Cornell University is liable under the principle of respondeat superior.

## AS AND FOR A THIRD CAUSE OF ACTION
### [Intentional Infliction of Emotional Distress]

57. Plaintiff repeats and realleges each and every allegation contained in ¶ 56 and hereby incorporates them as though fully set forth herein.

58. That Defendant Frisbie and John Doe I conduct was intentional without excuse or justification and done with intent and recklessness and utter disregard that plaintiff would be harmed humiliated and suffer extreme mental anguish and disregarded a substantial probability of causing severe emotional distress and caused severe emotional distress to plaintiff.

59. That the actions of the Defendants caused severe emotional distress to plaintiff.

60. Defendants Frisbie and John Doe 1 are liable for Intentional Infliction of emotional Distress.

61. As a result of the foregoing, both Plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

62. Defendant Cornell University is liable under the principle of respondeat superior.

## AS AND FOR A FOURTH CAUSE OF ACTION
## [DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983]

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through 62" with the same force and effect as if fully set forth herein.

64. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of law.

65. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983.

66. The acts complained of were carried out by the aforementioned individual Defendants individually and in in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF ITHACA and Cornell University Police Department, all under the supervision of ranking officers of said department.

68. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

69. Defendants subjected the Plaintiff, false arrest, false imprisonment, abuse of process and malicious prosecution.

70. The acts complained of were carried out by the aforementioned Defendants' in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY ITHACA and the Cornel University, all under the supervision of ranking officers of the Cornel University Police Department.

72. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY ITHACA, Cornell University and the Cornell University Police Department, include but are not limited to the following unconstitutional practices:

(a) Failing to train police officers in how to assess a situation to properly evaluate which party is the wrong-doer in order to prevent false and improper arrests;

(b) Failing to train police officers in various constitutionally protected rights;

(c) Failing to properly train, in general;

(d) Failing to supervise police officers;

(e) Subjecting persons to violations of their constitutionally protected rights;

(f) Subjecting persons to malicious prosecution.

(g) Subjecting persons to false arrest.

(h) Subjecting persons to false imprisonment.

(i) Subjecting persons to abuse of process.

73. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

(a) That in this case, Defendant, Brandon Frisbie who graduated from the Southern Tier Law Enforcement Academy's (STLEA) Basic Course for Police on October 18, 2013 and received his law enforcement credentials from the New York State Division of Criminal Justice on that date, was left to patrol alone and without a partner or supervision on November 2, 2013.

(b)  That in this case, the Criminal Complaints purportedly signed by Defendant Frisbie, contained false fabricated information.

(c)  That in this case a supporting affidavit signed by Ashley Nicola contained false and fabricated information and was prepared under the supervision of Defendant Frisbie and Defendant John Doe and signed by all.

(d)  That in this case, the police reports purportedly signed by Defendant Frisbie, contained false fabricated information.

(e)  That as a result of the fabrication of facts, and false signatures Cornell University Police Department and Cornell University has failed to reprimand Police Officer Frisbie or Defendant John Doe, or provide additional training, or supervision, to the Officers.

(f)  The foregoing customs, policies, usages, practices, procedures and rules Cornell University and the Cornell University Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiffs.

(g)  The foregoing customs, policies, usages, practices, procedures and rules of the Cornell University and the Cornell University Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

(h)  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights, for which Cornell University is liable.

## AS AND FOR A FIFTH CAUSE OF ACTION

[UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983]

74.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

76. That the seizure of the Plaintiff was objectively unreasonable and in violation of both of the Plaintiff's constitutional rights.

77. As a result of the foregoing, Plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his and her constitutional rights.

## AS AND FOR AN SIXTH CAUSE OF ACTION

### [FALSE IMPRISONMENT UNDER 42 U.S.C § 1983]

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. As a result of Defendants' aforementioned conduct, both Plaintiff, was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the Defendants without any probable cause, privilege or consent.

80. That the detention of the Plaintiff by Defendants was objectively unreasonable and in violation of both Plaintiffs' constitutional rights.

81. As a result of the foregoing, both Plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### [MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983]

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

84. All of the Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

85. All of the Defendants acted with malice in initiating criminal proceedings against Plaintiff.

86. All of the Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

87. All of the Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

88. All of the Defendants acted with malice in continuing criminal proceedings against Plaintiff.

89. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him was dismissed.

90. As a result of the foregoing, both Plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### [MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983]

91. Plaintiff repeats and realleges each and every allegation contained in ¶ 1-90 and hereby incorporates them as though fully set forth herein.

92. Defendants issued legal process to detain the Plaintiff and subject him to excessive force, false arrest, malicious prosecution.

93. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

94. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

95. As a result of the foregoing, both Plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. All of the foregoing acts by Defendants deprived Plaintiff Justin Orden of state and federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. To receive equal protection under the law;

98. By reason of the aforesaid conduct by Defendants, Plaintiff Justin Orden is entitled to the sum of five million dollars ($5,000,000.00) in special and compensatory damages, including loss of future earnings, five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, and to the inherent powers of this Court as well as costs and disbursements of this action, and pre-judgment interest as allowed by law and any further relief as the Court may find just and proper.

DATED: WESTCHESTER, NEW YORK
MAY 30, 2016

*Justin Orden*
_____

Justin Orden duly states under the penalties of perjury;

I am the plaintiff in the above captioned complaint. I have read the annexed complaint and know the contents thereof, and the same are true to my knowledge, except as to those matters therein which are stated on information and belief and as to those matters I believe them to be true.

_____
JUSTIN ORDEN

Sworn to before me this 30th

Day of May 2016

_____
NOTARY PUBLIC

Stewart L. Orden

NO 02OR6153975

Westchester County

Commission expires October 23, 2108